IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWON R. MONROE,   )<br>           )<br>  Petitioner,     )<br>           )<br>  vs.          )<br>           )<br>EDMUND G. BROWN, JR., Attorney )<br>General,         )<br>           )<br>  Respondent.    )<br>_____) | No. C 09-2665 CRB (PR)<br><br>ORDER |

Antwon R. Monroe filed a motion for appointment of counsel to help him prepare a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or, in the alternative, a stay/extension of time to prepare and file a petition himself.

The court denied the motion for appointment of counsel, but granted Monroe a stay/extension of time to file a petition for a writ of habeas corpus.

Monroe's mother, Yvette Smith, filed a petition for a writ of habeas corpus on her son's behalf. It is not signed by Monroe.

A person other than the detained person may file an application for a writ of habeas corpus and establish standing as a "next friend." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. There are two firmly rooted prerequisites to "next friend" standing:

|   |   |
|---|---|
| 1 | First, a next friend must provide an adequate explanation – such as inaccessibility, mental incompetency, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest.  The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. |

Id. at 163-64 (citations omitted).

In order to proceed with the petition filed on behalf of her son, Smith must establish next friend standing within 30 days of this order.  Alternatively, Monroe may submit a signed copy of the petition within 30 days of this order and proceed on his own behalf by signing all future submissions to the court.  Failure to respond within the designated time will result in the dismissal of this action.

SO ORDERED.

DATED:  Jan. 6, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.09\Monroe, A1.or2.wpd