IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTWON R. MONROE, | ) | |
| Petitioner, | ) ) | No. C 09-2665 CRB (PR) |
| vs. | ) ) | ORDER TO SHOW CAUSE |
| EDMUND G. BROWN, JR., Attorney General, | ) ) ) | |
| Respondent. | ) ) ) | |

    Antwon R. Monroe's mother, Yvette Smith, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on her son's behalf. Per order filed on January 6, 2010, the court explained that in order to proceed with the petition filed on behalf of her son, Smith must establish next friend standing; alternatively, Monroe may submit a signed copy of the petition and proceed on his own behalf by signing all future submissions to the court. Jan. 6, 2010 Order at 1-2.

    Smith timely submitted a declaration in support of her request to proceed on behalf of her son and, if the request is not granted, a copy of the petition signed by Monroe so he can proceed on his own behalf. Although Smith's desire to assist her adult son is admirable, it is not enough to establish next friend standing under Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). Monroe must proceed on his own behalf and sign all future submissions to the court.

# BACKGROUND

The Contra Costa County Juvenile Court found that Monroe ("petitioner"), while a juvenile, committed two counts of forcible oral copulation and three counts of forcible lewd acts upon a child under the age of 14 and, on February 1, 2007, remanded him to the California Department of Juvenile Justice for a term of 14 years and 4 months.

The California Court of Appeal affirmed the judgment of the juvenile court on March 27, 2008 and the Supreme Court of California denied review on June 11, 2008.

# DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising claims of insufficiency of the evidence, ineffective assistance of counsel and prosecutorial misconduct. Liberally construed, the claims appear minimally cognizable under § 2254 and merit an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

/

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

/
/
/
/

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: 03/19/10

CHARLES R. BREYER
United States District Judge